UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN DENIS CHAMBERLAIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLIAM C. BRYSON, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 16-2422 (RJL) |

MEMORANDUM OPINION

February 22nd, 2017

**FILED**

FEB 23 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

This matter is before the Court on Defendant's Motion to Dismiss [ECF No. 3] and plaintiff's Motion for Mistrial [ECF No. 8]. For the reasons discussed below, the Court grants the former and denies the latter.[1]

Plaintiff filed a civil action in the Superior Court of the District of Columbia, and his original complaint alleged "conspiracy to commit murder." Compl., *Chamberlain v. Bryson*, No. 2016-CA-0007785 (D.C. Super. Ct. filed Oct. 24, 2016) [ECF No. 1-1]. His Amended Complaint alleged:

> Bryson conspired to commit murder by colluding with members of the Texas Sheriffs' Association to impose bodily harm of a critical nature and with murderous intent. Ronnie Coleman (eventual Mr. Universe), "Tank" Abbot, Lee Ander, Matilda, Mike Epps and others were co-conspirators.

---

[1] As required by *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), and *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), on January 17, 2017, the Court entered an Order advising plaintiff that "the Court may consider on the merits any motion or argument made within in it that is not opposed within" 30 days. [ECF. No. 6].

Am. Compl., *Chamberlain v. Bryson*, No. 2016-CA-0007785 (D.C. Super. Ct. filed Nov. 3, 2016) [ECF No. 1-1]. He has demanded a judgment against defendant of "all savings, property & earnings." *Id.*

The defendant is "a judge of the United States Court of Appeals for the Federal Circuit." Mem. of P. & A. in Support of Def.'s Mot. to Dismiss ("Def.'s Mem."), Bryson Decl. ¶ 1 [ECF No. 3]. Plaintiff's "complaint appears to arise from [Judge Bryson's] actions in connection with [plaintiff's] case in the United States Court of Appeals for the Federal Circuit." Bryson Decl. ¶ 6; *see Chamberlain v. United States*, 655 Fed. App'x 822 (Fed. Cir. 2016) (per curiam). Judge Bryson describes the circumstances as follows:

> My only contact with . . . plaintiff . . . is in connection with an appeal that he filed in the United States Court of Appeals for the Federal Circuit, No. 2016-1603. I was a member of the panel of the court that sat on that case. That case was an appeal from an order of the United States Court of Federal Claims dismissing a complaint filed by [plaintiff] for failure to pay the filing fee. I joined the opinion affirming the decision of the Court of Federal Claims in that case, Chamberlain v. United States, No. 2016-1603 (July 8, 2016). In addition to participating in the decision of the appeal, I participated in the disposition of various motions associated with the appeal. I have had no other contact with [plaintiff]; I am not personally acquainted with him; and I have no other knowledge of [plaintiff] or his allegations.

Bryson Decl. ¶ 5. Judge Bryson avers that "[a]ll of [his] actions in that case were taken in the performance of [his] official duties and in [his] official capacity as a federal judge," and "were taken in the good faith belief in their legality." *Id.* ¶ 6; *see also* Certification ("[T]he Honorable William C. Bryson was acting within the scope of his office of

employment as a[] judicial officer of the United States at the time of the incident out of which [p]laintiff's claim arose.") [ECF No. 1-3].

The Court dismisses the Amended Complaint in its entirety for two reasons. First, the pleading fails to state a claim upon which relief can be granted. A plaintiff's complaint need only provide a "short and plain statement of [his] claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plaintiff's Amended Complaint fails to set forth "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Simply stated, the absence of factual allegations to support a claim that Judge Bryson entered into an agreement with another person to commit an unlawful act warrants dismissal. *See, e.g., Bush v. Butler*, 521 F. Supp. 2d 63, 68–69 (D.D.C. 2007); *Graves v. United States*, 961 F. Supp. 314, 320 (D.D.C. 1997).

Second, Judge Bryson enjoys absolute immunity from liability for damages for acts taken in his judicial capacity. "The purpose of the doctrine is to 'protect judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants,'" as is the case here. *Cartner v. Frazier*, No. CIV.A. 13-1016, 2013 WL 4560640,

at *1 (D.D.C. Aug. 28, 2013) (citing *Forrester v. White*, 484 U.S. 219, 225 (1988)), *aff'd sub nom. Cartner v. Fisher*, No. 13-7134, 2014 WL 260567 (D.C. Cir. Jan. 6, 2014) (per curiam). It is apparent that plaintiff's claims arise from actions taken by Judge Bryson in his capacity as a federal judge, and, therefore, all of plaintiff's claims are barred. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014), *aff'd*, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015) (per curiam).

An Order is issued separately.

*[signature]*
RICHARD J. LEON
United States District Judge